# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TASHA TEAGUE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> (1) KEISHA OBERG, Individually, ) <br> (2) BOARD OF COUNTY ) <br> COMMISSIONERS OF MAYES ) <br> COUNTY, a political subdivision ) <br> and municipal corporation, ) <br> ) <br> Defendants. ) | Case No. 17-CV-642-JHP-JFJ |

## OPINION AND ORDER

Before the Court is Defendant Board of County Commissioners of Mayes County's ("Board") Partial Motion to Dismiss (Dkt. 8). Plaintiff Tasha Teague ("Plaintiff") has filed a Response and Objection in Opposition (Dkt. 10), and the Board has filed a Reply (Dkt. 12). After consideration of the briefs, and for the reasons stated below, the Partial Motion to Dismiss is **DENIED**.

## BACKGROUND

Plaintiff filed this action to recover against the Board and Mayes County Deputy Keisha Oberg ("Oberg") for alleged violations of the Fourth Amendment to the United States Constitution. Plaintiff also brings state law claims, including a claim pursuant to *Bosh v. Cherokee County Governmental Building Authority*, 305

P.3d 994 (Okla. 2013). According to the Petition, on February 21, 2017, Plaintiff was sitting in her car with a passenger near the Mayes County Courthouse, waiting for a friend to be released from jail. (Dkt. 2-2, ¶¶ 5-6). At approximately between 12:00 p.m. and 1:00 p.m., Oberg, in plain clothes, walked up to Plaintiff's car, confirmed Plaintiff's identity, and told Plaintiff she was going to take her phone due to an "ongoing investigation." (*Id.* ¶¶ 2, 6-7). Plaintiff asked if Oberg needed a warrant, and Oberg threatened to arrest Plaintiff while she obtained a warrant if Plaintiff refused to hand over the phone. (*Id.* ¶ 7). Plaintiff stepped out of the car with her phone in her hand, and Oberg then snatched the phone from Plaintiff's hand. (*Id.* ¶ 8). Plaintiff then asked Oberg if she was going to jail, to which Oberg responded, "Do you want to go to jail?" (*Id.*). Plaintiff replied that she did not, and Oberg advised Plaintiff to get back in her car and leave. (*Id.*). Oberg then walked away without further explanation or paperwork to document the exchange. (*Id.* ¶ 9).

Plaintiff now alleges a total of ten causes of action against the Board and Oberg. (*See id.* ¶¶ 28-72). Relevant to the motion at issue, Plaintiff seeks to recover against the Board pursuant to *Bosh v. Cherokee County Governmental Building Authority*, 305 P.3d 994 (Okla. 2013), for violating Plaintiff's rights under Article II § 30 of the Oklahoma Constitution (the "*Bosh* claim"). (*Id.* ¶¶ 43-44).

The Board has now moved to dismiss Plaintiff's *Bosh* claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which any relief can be granted as a matter of law. (Dkt. 8). Plaintiff filed a Response and Objection in opposition (Dkt. 10), and the Board filed a Reply (Dkt. 12). The motion is fully briefed and ripe for review.

## DISCUSSION

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly,* 550 U.S. at 556.

The Board contends Plaintiff's *Bosh* claim is subject to dismissal, because *Bosh* does not support a private right of action for the alleged violation of Plaintiff's rights under Article II § 30 of the Oklahoma Constitution. The Board argues *Bosh* should be limited to its holding and should not be extended to Plaintiff's claim for unlawful seizure of her personal property.

3

In *Bosh*, the court recognized a private right of action for excessive force against a pre-trial detainee based on Article II § 30 of the Oklahoma Constitution, notwithstanding the limitations of the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 Okl. St. §§ 151 *et seq*. The Oklahoma Supreme Court later limited *Bosh* claims to those that may be brought against a municipality only when a cause of action under the OGTCA is not available. *Perry v. City of Norman*, 341 P.3d 689, 689 (Okla. 2014).

More recently, in *Deal v. Brooks*, 389 P.3d 375, 384 (Okla. Civ. App. 2016), the Oklahoma Court of Civil Appeals held that Article II § 7 of the Oklahoma Constitution provided a *Bosh*-type private cause of action for a child whose due process rights had been violated by reckless and deliberate acts of the Department of Human Services. The Court of Civil Appeals in *Deal* wrote:

> As in *Bosh*, where the Oklahoma Supreme Court declined to construe the GTCA so as to immunize the state from constitutionally-based liability for excessive force inflicted *on a prisoner* while in its custody, we conclude the GTCA does not immunize [the Department of Human Services] from liability for certain reckless and deliberate acts that deprive a *child* of due process rights while in state custody. To decide otherwise would render as ineffective, and a nullity, a child's fundamental "interest in safe conditions, personal security, and bodily integrity for persons in state custody" guaranteed under the due process clause of both the United States Constitution and the Oklahoma Constitution.

*Id.* (emphasis in original). The Oklahoma Supreme Court later approved *Deal* for publication, thereby according precedential value to the opinion. *Deal v. Brooks*,

4

2016 OK 123 (Okla. 2016). *See also GJA v. Oklahoma Dep't of Human Servs.*, 347 P.3d 310, 316 (Okla. Civ. App. 2015) (affirming dismissal of *Bosh* claim based on gross negligence, but noting, "[t]he *Bosh* case is not limited to its facts and specific holding. It does stand for the proposition that the Supreme Court recognizes a broader scope of actionable claims based upon violations of constitutional rights.").

The Board attempts to diminish the significance of *Deal* and *GJA*, arguing that the *Deal* decision relied upon dicta from *GJA* in support of its broad reading of *Bosh*. The Board urges the Court to rely instead on federal district court decisions that limit the holding of *Bosh* to the particular circumstances of that case. *See Hedger v. Kramer*, 2013 WL 5873348, at *3 (W.D. Okla. Oct. 30, 2013) (declining to extend *Bosh* rule to DHS for alleged "seizure" by placing child in foster care); *Koch v. Juber*, 2014 WL 2171753, at *3 (W.D. Okla. May 23, 2014) (declining to extend *Bosh* rule to cover due process claims, noting that "*Bosh* does not serve to create a private right of action for all claims arguably arising under the Oklahoma Constitution."); *Langkamp v. Mayes Emergency Servs. Trust Auth.*, 2017 WL 2819003, at *6 (N.D. Okla. June 29, 2017) (declining to extend *Bosh* rule to cover claims under Art. II, §§ 2, 3, 7, and 22 of the Oklahoma Constitution, noting that the "Oklahoma Supreme Court has given no indication that *Bosh* has been extended beyond excessive force claims.").

5

Plaintiff acknowledges the mixed interpretations of *Bosh* among courts in Oklahoma, but she urges the Court to interpret *Bosh* broadly to cover claims beyond those of excessive force against pre-trial detainees. This Court has previously concluded that *Bosh* extends beyond excessive force claims, covering unlawful seizure claims under Article II § 30 of the Oklahoma Constitution. *Halley v. Oklahoma ex rel. Okla. Dep't of Human Servs.*, 176 F. Supp. 3d 1268 (E.D. Okla. 2016). *See White v. City of Tulsa*, 979 F. Supp. 2d 1246, 1249 (N.D. Okla. 2013) (allowing *Bosh* claim for unreasonable search and seizure in violation of Okla. Const. Art. II § 30 to proceed, holding, "The Court interprets *Bosh* to recognize a private cause of action for violations of the rights protected by Article 2, § 30, rather than merely recognizing a private right of action for excessive force."). *See also Miller v. City of Konawa*, 2017 WL 6328943, at *3-4 (E.D. Okla. Dec. 11, 2017) (allowing *Bosh* claim for violations of Okla. Const. Art. II §§ 2, 7, 22, and 36A to proceed at motion to dismiss stage, noting that *Deal* recognized *Bosh* stood for allowing causes of action beyond its original context). In light of *Deal* and the above persuasive authority favoring a more expansive approach to *Bosh* claims, the Court concludes for purposes of its Rule 12(b)(6) analysis that Plaintiff may maintain her *Bosh* claim pursuant to Article II § 30 of the Oklahoma Constitution.

Finally, the Board contends Plaintiff's *Bosh* claim is foreclosed, because Plaintiff has available remedies under the OGTCA and has pursued OGTCA claims for conversion, false arrest, and negligence against the Board. As the Board correctly points out, the Oklahoma Supreme Court has explained that *Bosh* claims are unavailable when the plaintiff could have brought the claim under the OGTCA and potentially recovered for that claim. *Perry*, 341 P.3d at 692-93. Plaintiff's Petition clarifies that she raises the *Bosh* claim only "to the extent that the OGTCA or other Oklahoma law prohibits Plaintiff's claims." (Dkt. 2-2, ¶ 44). The Court finds the record is insufficiently developed at this point to conclude whether the OGTCA would preclude Plaintiff's claims. Accordingly, the Court finds Plaintiff may maintain her *Bosh* claim at this stage of the case.

## CONCLUSION

For the reasons detailed above, Defendant Board's Partial Motion to Dismiss (Dkt. 8) is **DENIED.**

*/s/ James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma